UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HMS CORNERSTONE SOLUTIONS,
INC.,

               Plaintiff,

      v.

SIGNORELLI COMPANY, and DOES 1
through 50,[1]

               Defendant.

No.  2:16-cv-02986-KJM-AC

ORDER

This matter is before the court on the motion to remand this action to the Placer

County Superior Court by plaintiff HMS Cornerstone Solutions, Inc.  ECF No. 5.  Defendant

---

[1] The Ninth Circuit provides "plaintiff[s] should be given an opportunity through discovery to identify . . . unknown defendants" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (fourth, fifth, and sixth alterations in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Plaintiff is cautioned that such defendants will be dismissed where "it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (quoting *Gillespie,* 629 F.2d at 642).  Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within 90 days of filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604, at *2–3 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

1

1  opposes the motion.  ECF No. 8.  The motion was submitted without argument and the court now

2  DENIES the motion.

3  I.      BACKGROUND

4            On November 7, 2016, plaintiff filed this breach of contract action in Placer

5  County Superior Court.  Notice of Removal ¶ 1, ECF No. 1.  That same day, plaintiff mailed a

6  summons and the complaint to defendant.  Lyon Decl. ¶ 7, ECF No. 5-2.  On November 28, 2016,

7  defendant returned to plaintiff, by email and standard mail, the Notice of Acknowledgement of

8  Receipt that had been enclosed with the summons and complaint.  *Id.*  Defendant filed that notice

9  in Placer County Superior Court on December 16, 2016.  *Id.*

10           On December 22, 2016, defendant removed the action to this court on the basis of

11  the court's diversity jurisdiction.  On January 5, 2017, plaintiff filed the instant motion to remand,

12  claiming removal was not timely and that the contract at issue precludes removal to federal court.

13  II.     LEGAL STANDARD

14           The time period during which a civil action may be removed is governed by

15  28 U.S.C. § 1446(b):

16           The notice of removal of a civil action or proceeding shall be filed
             within 30 days after the receipt by the defendant, through service or
17           otherwise, of a copy of the initial pleading setting forth the claim
             for relief upon which such action or proceeding is based, or within
18           30 days after the service of summons upon the defendant if such
             initial pleading has then been filed in court and is not required to be
19           served on the defendant, whichever period is shorter.

20  "[T]he defendant must be 'notified of the action, and brought under a court's authority, by formal

21  process,' before the removal period begins to run."  *Quality Loan Serv. Corp. v. 24702 Pallas*

22  *Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*,

23  526 U.S. 344, 347–48 (1999)).  Federal courts siting in California look to California law to

24  determine the sufficiency of service prior to removal.  *Stafford v. Dollar Tree Stores, Inc.*,

25  No. 2:14-cv-01465-KJM-CKD, 2014 WL 7335673, at *2 (E.D. Cal. Dec. 19, 2014).

26  /////

27  /////

28  /////

1    III.    DISCUSSION

2            A.    Timeliness of the Motion

3                    The court turns first to plaintiff's argument that removal was untimely under

4    28 U.S.C. § 1446(b).  Relying on "the plain language of [the] statute," plaintiff argues "the time

5    period within which defendant must remove [a] case to federal court begins upon receipt of [the]

6    complaint, regardless of whether defendant has been properly served."  Pl.'s P. & A. in Supp. of

7    Mot. to Remand ("Pl.'s Mot.") 4, ECF No. 5-1.  The Supreme Court's decision in *Murphy*,

8    however, makes clear that the 30-day period in § 1446(b) begins running only after the defendant

9    is "brought under a court's authority[] by formal process."  *Murphy*, 526 U.S. at 347.  In support

10   of its position, plaintiff cites three cases that predate the Supreme Court's decision in *Murphy*.

11   *See* Pl.'s Mot. 4 (citing *Boyles v. Junction City Foundry, Inc.*, 992 F. Supp. 1246 (D. Kan. 1997);

12   *Carter v. Bldg. Material & Constr. Teamsters' Union Local 216*, 928 F. Supp. 997 (N.D. Cal.

13   1996); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986)).  These cases all were

14   abrogated by *Murphy* and are thus deprived of any force.  *See Furness v. Mills*, No. 2:12-cv-

15   00256 DN, 2013 WL 3995258, at *2 (D. Utah Aug. 5, 2013) (recognizing that the time

16   calculation in *Carter* was rejected in *Murphy*).

17                   In its reply, plaintiff attempts to distinguish *Murphy* on grounds that it merely

18   "dealt with the effect of a pre-service, faxed 'courtesy copy'" and not "the situation here, where

19   Plaintiff was directed to speak only to Defendant's counsel, and thereafter, Defendant's counsel

20   agreed to waive formal service on defendant and accept service of the summons and complaint."

21   Pl.'s Reply 1, ECF No. 9.  *Murphy* sweeps more broadly than plaintiff suggests, as recognized by

22   the Ninth Circuit in *Quality Loan*, and requires formal service to have been effected for the

23   30-day time limit to start running.  *See Quality Loan*, 635 F.3d at 1133 (finding an emailed notice

24   of relevant action insufficient service under California law, which "did not start the removal

25   clock").

26                   The relevant question, therefore, is when service was completed so as to bring

27   defendant under the authority of the Placer County Superior Court.  Defendant avers correctly it

28   received the summons and complaint on November 28, 2017, and returned the Notice of

                                                    3

Acknowledgement of Receipt the same day.  Plaintiff claims "Defendant's Notice of Removal acknowledges receipt of the complaint on, or about, November 7, 2016."  Pl.'s Mot. 4 (citing Notice of Removal ¶ 2).  But the cited paragraph of defendant's Notice of Removal instead states, "The first date upon which Defendant The Signorelli Company received a copy of the . . . complaint was November 28, 2016."  Notice of Removal ¶ 2.  The only reference to November 7 in that paragraph merely acknowledges that plaintiff mailed the summons and complaint on that date, *see* Notice of Removal ¶ 2, which does not on its own constitute effective service under California law, *see* Cal. Code Civ. Proc. § 415.30(c) ("Service of a summons [by mail] is deemed complete on the date a written acknowledgment of receipt of summons is executed . . . .").  Service was complete on November 28, 2016, *see* Cal. Code Civ. Proc. § 415.30(c), and defendant's removal on December 22, 2016, was timely.

        B.       Effect of the Forum Selection Clause on Removal

        Plaintiff also argues that the contract's forum selection clause prevents defendant from removing this action to federal court.  That clause states:  "[A]ny litigation arising out of or connected in any way with this Agreement shall take place in a State or Federal court of competent jurisdiction in Placer County, State of California."  Lyon Decl., Ex. B ¶ 10(d), ECF No. 5-4.

        Plaintiff argues this court is not a proper forum because "it is n[ot] in Placer County."  Pl.'s Mot. 7.  However, fundamental rules of contract interpretation preclude plaintiff's reading of the contract.  First, "where language is ambiguous the court should construe the language against the drafter of the contract."  *Hunt. Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 78 (9th Cir. 1987).  It is undisputed that plaintiff drafted the forum selection clause.  Thus, to the extent the forum selection clause is ambiguous, it must be construed against plaintiff.  Next, courts "presum[e] that every provision was intended to accomplish some purpose, and that none are deemed superfluous."  *Chaly-Garcia v. United States*, 508 F.3d 1201, 1204 (9th Cir. 2007) (alteration in original) (quoting *Harris v. Epoch Grp., L.C.*, 357 F.3d 822, 825 (8th Cir. 2004)).  There is no federal court physically located in Placer County.  Thus, requiring venue to

1   be physically located in Placer County would render the reference to federal courts a nullity; this

2   agreement should be rejected, particularly given that plaintiff drafted the contract.

3            Because the forum selection clause contemplates proper venue in a federal court,

4   the court finds "[t]he manifest intent of the clause was to favor either state or federal jurisdiction

5   so long as its location covered [the named c]ounty." *Project Dev. Grp,. Inc. v. Sonoma Cty.*

6   *Junior Coll. Dist.*, No. C 07-02987 WHA, 2007 WL 2518034, at *2 (N.D. Cal. Aug. 31, 2007)

7   (addressing a virtually identical forum selection clause and reaching the same conclusion).

8   Because the Eastern District of California comprises the entirety of Placer County, *see* E.D. Cal.

9   L.R. 120(d), this court is a proper venue under the terms of the parties' forum selection clause,

10  *see Project Dev. Group*, 2007 WL 2518034, at *2.  The question remains whether the contract

11  constitutes a waiver of defendant's right to remove the action once it has been filed in state court,

12  as plaintiff argues.

13           "[A] party can waive its right of removal by agreeing to a contractual clause that

14  gives a clear and unequivocal waiver of that right." *Paradigm Sols. Grp., Inc. v. Shanghai*

15  *Precision Tech. Corp.*, No. 15-CV-539 JLS (JLB), 2015 WL 3466017, at *2 (S.D. Cal. June 1,

16  2015) (citing *ENSCO Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443–44, 448

17  (5th Cir. 2009)).  For example, a forum selection clause can waive the right of removal when the

18  parties agree to "submit to the jurisdiction of any court of competent jurisdiction within the

19  United States of America." *Am. States Ins. Co. v. Century Sur. Co.*, No. C08-1163Z, 2008 WL

20  4779833, at *1–3 (W.D. Wash. Oct. 30, 2008) (collecting cases).  The forum selection clause at

21  issue here, however, contains no such language indicating defendant waived its right of removal

22  by agreeing to yield to litigation in any court

23           Rather than pointing to specific language in the contract, plaintiff appears to argue

24  that all forum selection clauses result in waiver of the right of removal once suit has been filed in

25  state court. *See* Pl.'s Mot. 5–6; Reply 2.  Plaintiff relies extensively on *InterDigital, Inc. v.*

26  *Wistron Corp.*, C.A. No. 15-478-LPS, 2015 WL 4537133 (D. Del. June 18, 2015), which does not

27  support its argument.  In *InterDigital*, the court addressed the following contractual language:

28  "The Parties irrevocably consent to exclusive jurisdiction and venue of the state and federal

courts in the State of Delaware . . . ." 2015 WL 4537133, at *1. In this case, the court focused on the words "irrevocably consent" and found the clause "constitute[d] a waiver of the right to remove to federal court if a party files suit in a Delaware state court." *Id.* The court reasoned that once suit had been filed, the parties' consent to the choice of state court over federal court was made irrevocable by the terms of the clause. *See id.* Assuming without deciding that *InterDigital* got it right, the forum selection clause at issue here states only that litigation "shall take place" in one of the chosen forums, without memorializing consent of any kind.

Plaintiff has not shown the clause at issue in this case contains a "clear and unequivocal" waiver of the right of removal. Instead, the clause provides merely that the parties must pursue litigation in a court that covers Placer County, whether it be state or federal. The court DENIES plaintiff's motion to remand.

C.     Attorney's Fees and Costs

Plaintiff requests attorney's fees and costs expended in opposing defendant's removal on the basis that removal was improper. Because such fees and costs can only be awarded if the action is remanded, *see* 28 U.S.C. § 1447(c), the court DENIES plaintiff's request.

IV.     CONCLUSION

For the reasons provided, the court DENIES plaintiff's motion to remand, ECF No. 5, as well as its request for attorney's fees and costs.

This order resolves ECF No. 5.

IT IS SO ORDERED.

DATED:  August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE